# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1624V
Filed: June 13, 2019

| | |
|---|---|
| * * * * * * * * * * * * * * * | |
| ROBERT G. CANADY *and* SITA S. CANADY *as parents and legal representatives of their Minor son, A.G.C.* | UNPUBLISHED |
| Petitioners, | Decision on Interim Attorneys' Fees and Costs; Denial |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |
| * * * * * * * * * * * * * * * | |

*Ramon Rodriguez III, Esq.*, Sands Anderson PC, for petitioners.
*Robert Coleman III, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On October 19, 2018, Robert and Sita Canady ("petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] on behalf of their minor child, A.G.C. *See* Petition ("Pet."), ECF No. 1. Petitioners allege that A.G.C. developed neurological symptoms, encephalopathy, and a seizure disorder as a result of receiving an

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

influenza vaccination on October 20, 2015. *Id*. at 1, 16. Petitioners have requested an award of interim attorneys' fees and costs. Petitioners' Motion is hereby **DENIED**.

## I. Procedural History

The petition was filed on October 19, 2018. ECF No. 1. Petitioners filed affidavits, medical records, and a VAERS report on November 12, 2018. Petitioner's Exhibits ("Pet. Ex.") 1-10, ECF No. 7; Pet. Ex. 11-20, ECF No. 8; Pet. Ex. 21-22, ECF No. 9. Petitioners filed additional medical records and a Statement of Completion on December 20, 2018. Pet. Ex. 23, ECF No. 10; Statement of Complete, ECF No. 11.

Respondent filed a status report on February 1, 2019, indicating that the medical records appeared to be complete, and advising that respondent intended to contest entitlement. ECF No. 13.

Respondent filed his Rule 4(c) Report ("Resp. Rpt.") on April 2, 2019, indicating that this matter was not appropriate for compensation. Resp. Rpt., ECF No. 14. Respondent noted that A.G.C. had received yearly influenza vaccinations for five years without event prior to his receipt of the allegedly causal influenza vaccination. *Id*. at 2. Respondent pointed out that A.G.C. has a family history of seizures; additionally, one of A.G.C.'s treating physicians wrote, "[patient] has 5 brothers – almost all experienced viral illness last summer and all have experienced some myoclonic jerks since then." *Id*. at 5, 7 (citing Pet. Ex. 6 at 437). … Petitioners were ordered to file a status report by May 2, 2019, indicating how they intended to proceed. Non-PDF Order, dated Apr. 2, 2019. If deemed appropriate, petitioners were to file an expert report which complied with *Althen* and addressed all of the issues raised in respondent's Rule 4(c) Report by July 1, 2019. *Id*.

Petitioners filed additional medical records on April 3, 2019. Pet. Ex. 24-25, ECF No. 15. They filed a status report on May 2, 2019, stating their intention to file an expert report in support of their claim by July 1, 2019. ECF No. 17.

On May 10, 2019, petitioners filed the instant Motion for Interim Attorneys' Fees and Costs ("Mot. Int. Fees"). ECF No. 18. Petitioners request attorneys' fees in the amount of $10,484.10, and attorneys' costs in the amount of $2,280.40, for a total amount of $12,764.50. *Id*. at 10, 14. Petitioners explained that they retained Dr. Rodriguez as counsel on November 16, 2016, while he was employed with Rawls McNelis, which is now doing business as Rawls Law Group ("RLG"). Mot. Int. Fees at 2. On July 14, 2017, Dr. Rodriguez left RLG to transition his practice to Sands Anderson, PC, where he is currently employed. *Id*. at 3. In the instant motion, petitioners request reimbursement of attorneys' fees and costs incurred while Dr. Rodriguez was employed by RLG. *Id*. Petitioners submitted that, "[b]ecause RLG employees are no longer involved in this case[,] RLG is experiencing financial hardship and delay for work billed by Dr. Rodriguez…". *Id*. at 7. Petitioners further submitted that "they meet the criteria for interim fees and costs requested herein due to the almost three year delay and hardship RLG has and would continue to otherwise face…". *Id*. at 14.

On May 23, 2019, respondent filed a response to petitioner's motion. Response, ECF No. 20. Respondent "defers to the Special Master to determine whether or not petitioner met the legal standard for an interim fees and costs award" as well as whether petitioner has met "the statutory requirements for an award of attorney's fees and costs…particularly whether there is a reasonable basis for the claim." Response at 2. Respondent provided no specific objection to the amount requested or hours worked, but instead, "respectfully recommend[ed] that the Special Master exercise her discretion regarding petitioners' request for an interim award of attorneys' fees and costs." *Id*. at 3.

Petitioner did not file a reply. This matter is now ripe for decision.

## II. Applicable Law and Analysis

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, he or she is entitled to an award of reasonable attorneys' fees and costs. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

Special masters have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and there is "a good faith basis for the claim." *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010); *see Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The court in *Avera* held that interim fees may be awarded "in appropriate circumstances." 515 F.3d at 1351. The court then listed some circumstances—cases involving "protracted" proceedings and "costly experts"—in which it would be "particularly appropriate" to award interim fees. *Id.* at 1352. But "the Federal Circuit in *Avera* . . . did not enunciate the universe of litigation circumstances which would warrant an award of interim attorney's fees," *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012), and "special masters [retain] broad discretion in determining whether to award" them, *Al-Uffi ex rel. R.B. v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). In making this determination, "the special master may consider any of the unique facts of a case." *Rehn v. Sec'y of Health & Human Servs.*, 126 Fed. Cl. 86, 94 (2016).

Interim fees are the exception rather than the rule; indeed, "there is not a presumption of entitlement to interim fees." *McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 297, 300 (2011). Under the circumstances of this case, interim fees are not warranted. There are neither "protracted proceedings" nor "costly experts," and petitioners have not made a "special showing" that an award of interim fees and costs is necessary to avoid undue hardship.

Petitioners' Motion cites the "three year delay" in the proceedings as justification for an award of interim fees; however, this matter has been pending for less than one year. While petitioners retained counsel on November 16, 2016, the petition was not filed until October 19, 2018, nearly two years later. Additionally, the overall amount of fees requested does not appear to be unduly burdensome, RLG did not incur expert costs on the petitioners' behalf, and any costs

going forward will be paid by Dr. Rodriguez's current firm, Sands Anderson. Furthermore, counsel has not withdrawn from representing the petitioners in this matter, but merely changed law firms. Dr. Rodriguez can protect the fees and costs incurred by his prior firm by including them in a subsequent application for fees and costs, submitted at a more appropriate time. As petitioners do not meet any of the circumstances typically invoked in awarding interim fees, I find that interim fees are not appropriate at this juncture.

Based on the foregoing, petitioner's Motion for Interim Attorneys' Fees and Costs is **DENIED**. The Clerk of the Court is directed to enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.