# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-1624V
Filed: February 21, 2025

| | |
|---|---|
| * * * * * * * * * * * * | |
| ROBERT G. CANADY *and* SITA S. CANADY, *as parents and legal representatives of their minor son, A.G.C.*, | * * * * |
| Petitioners, | * * |
| v. | * * |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * |
| Respondent. | * |
| * * * * * * * * * * * * | |

*Ramon Rodriguez III, Esq.*, Sands Anderson PC, Richmond VA, for petitioner.
*Mary Holmes, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On October 19, 2018, Robert G. Canady and Sita S. Canady ("petitioners") filed a petition on behalf of their son, A.G.C., under the National Vaccine Injury Compensation Program[2], 42 U.S.C. § 300aa-10 et seq. ("Vaccine Act" or "the Program"). Petitioners allege that the influenza ("flu") vaccine A.G.C. received on October 20, 2015 caused him to develop a seizure disorder, or in the alternative, significantly aggravated an underlying disorder resulting in his seizure disorder. *See* Petition at 1-2, ECF No. 1. Petitioners filed a Motion seeking interim attorneys' fees and costs in 2019, which was denied. *See* Decision, ECF No. 21. Petitioners have now filed an award of interim attorneys' fees and costs that will be entertained.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

## I.     Procedural History

The petition was filed on October 19, 2018, and the matter was assigned to the undersigned. ECF No. 1, 4. Petitioners filed medical records thereafter and a statement of completion on December 20, 2018. Petitioners' Exhibits ("Pet. Ex.") 1-23, ECF Nos. 7-11.

On April 2, 2019, respondent filed his Rule 4(c) Report recommending against compensation in this matter. ECF No. 14. Petitioners filed additional medical records on April 3, 2019. Pet. Ex. 24-25, ECF No. 15. On May 10, 2019, petitioners filed their first Motion for Interim Attorneys' Fees and Costs, and respondent filed a response to the Motion on May 23, 2019. ECF Nos. 18, 20. A Decision was issued on June 13, 2019, denying petitioners' Motion and finding that interim fees were not appropriate at the time. Decision, ECF No. 21.

Petitioners filed an expert report from Dr. Stephen Nelson on September 30, 2019. Pet. Ex. 29-38, ECF No. 28. On December 30, 2019, respondent filed a status report listing the inadequacies of Dr. Nelson's report. ECF No. 30. Petitioners filed a supplemental report from Dr. Nelson, and a report from Dr. Lawrence Steinman, on July 13, 2020 and July 17, 2020, respectively. Pet. Ex. 39-47, ECF No. 35; Pet. Ex. 48-62, ECF No. 37-38.

Respondent filed expert reports from Dr. Gregory Holmes and Dr. Andrew MacGinnitie on December 2, 2020. Respondent's Exhibits ("Resp. Ex.") A-D, ECF No. 43. An order was issued on December 3, 2020, noting that respondent's experts agreed that A.G.C. received a flu vaccine, then developed adenovirus two days later, which has the capacity to cause encephalitis. A.G.C. suffered from encephalitis and developed seizures. Respondent's experts were ordered to address the combination of the flu vaccine with active adenovirus, its capability in breaching the blood brain barrier causing encephalitis and the incubation period of adenovirus. ECF No. 44.

Respondent filed supplemental reports from Drs. Holmes and MacGinnitie on January 19, 2021. Petitioners filed supplemental reports from Dr. Steinman on March 4, 2021 and Dr. Nelson on April 1, 2021. Resp. Ex. E-F, ECF No. 45; Pet. Ex. 63-71, ECF No. 47; Pet. Ex. 72, ECF No. 50.

On June 2, 2021, respondent filed an additional report from Dr. MacGinnitie. Resp. Ex. G, ECF No. 53. Petitioners filed an additional report from Dr. Steinman on July 26, 2021. Pet. Ex. 73, ECF No. 56.

Petitioners filed updated medical records on October 25, 2021. Pet. Ex. 74-79, ECF No. 60. On November 3, 2021, the parties filed a joint status report advising that they wanted to proceed with an entitlement hearing. The entitlement hearing was scheduled for October 3 and 4, 2022. ECF Nos. 63-64. Petitioners filed additional medical records on November 15, 2021; June 30, 2022; and July 19, 2022. Pet. Ex. 80-81, ECF No. 65; Pet. Ex. 82-87, ECF No. 68; Pet. Ex. 88-90, ECF No. 70.

A two-day entitlement hearing was held on October 3rd and 4th, 2022. Thereafter, the parties filed supplemental reports from Dr. Steinman and Dr. MacGinnitie on November 28, 2022 respectively. Resp. Ex. M, ECF No. 95; Pet. Ex. 94, ECF No. 96. A status conference was held on

January 17, 2023 to discuss the progress of the matter following the hearing and whether the matter was ready for resolution. ECF No. 98. The parties agreed that post-hearing briefing was not necessary, and the matter was ripe for decision. ECF No. 99.

On July 9, 2024, petitioners filed a Motion for Interim Attorneys' Fees and Costs. Motion for Interim Fees, ECF No. 101. Petitioners request a total of **$294,077.65,[3]** representing $206,256.20[4] in attorneys' fees and $87,821.45[5] in costs. Motion for Interim Fees at 10-11, 18. Respondent filed a response on August 21, 2024, deferring to the undersigned to determine whether the legal standard for an award of interim attorneys' fees and costs was met. Response, ECF No. 104. Petitioner did not file a reply.

This matter is now ripe for determination.

## II. Legal Framework

The Vaccine Act permits an award of reasonable attorneys' fees and other costs. § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, petitioner's counsel is automatically entitled to reasonable attorneys' fees. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id*.

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

---

[3] This amount incorporates the attorneys' fees and costs that were requested in petitioners' first motion filed in 2019, which was denied. *See* Decision, ECF No. 21.
[4] This amount represents the amount in fees requested in petitioner's first Motion ($10,484.10) and the amount requested in the instant Motion ($195,772.10).
[5] This amount represents the amount in costs requested in petitioner's first Motion ($2,280.40) and the amount requested in the instant Motion ($85,541.05).

3

## III. Discussion

A.     **Availability of Interim Fees**

Special masters have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and there is "a good faith basis for the claim." *Shaw v. Sec'y of Health & Human Servs.*, 609 F. 3d 1372, 1375 (Fed. Cir. 2010); *see Avera*, 515 F. 3d at 1352. The court in *Avera* held that interim fees may be awarded "in appropriate circumstances." *Id*. at 1351. The court then listed some circumstances—cases involving "protracted" proceedings and "costly experts"—in which it would be "particularly appropriate" to award interim fees. *Id*. at 1352. But "the Federal Circuit in *Avera* . . . did not enunciate the universe of litigation circumstances which would warrant an award of interim attorney's fees," *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012), and "special masters [retain] broad discretion in determining whether to award" them, *Al-Uffi ex rel. R.B. v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). In making this determination, "the special master may consider any of the unique facts of a case." *Rehn v. Sec'y of Health & Human Servs.*, 126 Fed. Cl. 86, 94 (2016).

Under the circumstances of this case, interim fees are warranted. This case has been pending for more than six years, which ordinarily "suffice[s] to constitute the type of 'circumstances' to warrant an interim fee award." *Woods*, 105 Fed. Cl. at 154; *see also, e.g.*, *Thompson v. Sec'y of Health & Human Servs.*, No. 12-475V, 2018 WL 1559799, at *1 (Fed. Cl. Spec. Mstr. Feb. 28, 2018) ("[I]nterim attorneys' fees and costs are appropriate because waiting for the conclusion of the case would place an undue hardship in petitioner"); *Kottenstette v. Sec'y of Health & Human Servs.*, No. 15-1016V, 2017 WL 5662780, at *3 (Fed. Cl. Spec. Mstr. Oct. 30, 2017) (finding two-year proceeding constituted appropriate circumstances for interim fees). Petitioners have expended significant time and costs in litigating this matter thus far, and while an entitlement hearing has taken place, additional time is needed before a decision is completed. In sum, the circumstances of this case warrant an award of interim fees and costs so as not to impose economic hardship on petitioners.

B.     **Reasonable Hourly Rates**

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[6]

Petitioner requests the following hourly rates for her counsel, Mr. Ramon Rodriguez: $375 for work performed in 2016; $383 for work performed in 2017; $394 for work performed in 2018; $405 for work performed in 2019; $422 for work performed in 2020; $444 for work performed in 2021; $458 for work performed in 2022; and $482 for work performed in 2023. The rates requested are consistent with what Mr. Rodriguez has previously been awarded. *See Miller v. Sec'y of Health & Human Servs.*, No. 22-0026V, 2024 WL 556911 (Fed. Cl. Spec. Mstr. Jan. 11, 2024); *Roy v. Sec'y of Health & Human Servs.*, No. 17-323, 2022 WL 2449753 (Fed. Cl. Spec. Mstr. June 9, 2022). Accordingly, the rates are awarded as requested.

**C.    Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

---

[6] The 2015-2024 Fee Schedules can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Sers.*, No. 09-923V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that, generally, the billing entries adequately describe the work done on the case and the amount of time spent on that work.

However, it appears that petitioners' counsel billed at his full hourly rate for travel time to and from the entitlement hearing. Petitioners' counsel billed 4.5 hours for travel to the entitlement hearing on October 2, 2022, and 3.5 hours for travel from the entitlement hearing on October 5, 2022 at his 2022 hourly rate of $458. Pet. Ex. 96 at 33-34. In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). Therefore, this results in a reduction of $1,832.00.[7]

Accordingly, petitioners are awarded interim attorneys' fees of **$204,424.20.**

### D.  Reasonable Costs

Petitioner requests a total of $87,821.45 in costs. Motion for Interim Fees at 10-12; Pet. Ex. 95 at 6. The requested costs consist of securing medical records, postage, expenses associated with travel for the entitlement hearing, and costs associated with petitioner's experts, Dr. Lawrence Steinman and Dr. Stephen Nelson. *See* Pet. Ex. 95.

#### 1.  Dr. Lawrence Steinman

Petitioner requests $36,850.00 for Dr. Steinman, for 67 hours of work at a rate of $550 per hour. Pet. Ex. 95 at 45-46. This rate is consistent with what Dr. Steinman has been awarded for his work in the Program. *See Wilson-Noble v. Sec'y of Health & Human Servs.*, No. 21-1518V, 2024 WL 3665962 (Fed. Cl. Spec. Mstr. July 11, 2024). Given that Dr. Steinman provided four reports and testified at a two-day entitlement hearing, I find the hours expended are generally reasonable and the records of his are time are sufficiently detailed. Therefore, the costs associated with his work are awarded in full, and Dr. Steinman's is awarded $36,850.00**.**

#### 2.  Dr. Stephen Nelson

Petitioner requests $35,000.00 for Dr. Nelson at a rate of $500 per hour. Pet. Ex. 95 at 44. Dr. Nelson provided two reports and testified at a two-day entitlement hearing. Dr. Nelson is a board-certified pediatric neurologist; he is an epileptologist and the Director of Pediatric Neurology at Tulane-Lakeside Hospital in Metairie, Louisiana and the Director of Pediatric Neurodiagnostics at Tulane Medical Center in New Orleans, LA. Pet. Ex. 30 at 1. While this is the first time Dr. Nelson's rate has been addressed in the Program, his requested rate of $500 per hour is aligned with what other pediatric neurologists have been paid for their Program work. *See Worcester v. Sec'y of Health & Human Servs.,* No. 16-1641V, 2022 WL 3369714 (Fed. Cl. Spec. Mstr. July 13, 2022) (awarding pediatric neurologist Dr. Kinsbourne an hourly rate of $500.00);

---

[7] 8 hours (total travel time) x $229 (half of counsel's 2022 rate of $458) = $1,832.00.

*Switzer v. Sec'y of Health & Human Servs.*, No. 18-1418V, 2022 WL 774712 (Fed. Cl. Spec. Mstr. Jan. 25, 2022) (awarding pediatric neurologist Dr. Shoenfeld an hourly rate of $500.00). Based on Dr. Nelson's credentials, I find that $500 is a reasonable hourly rate for his work.

The hours expended by Dr. Nelson appear reasonable and his billing entries are detailed. However, Dr. Nelson charged a flat rate of $7,500.00 for each of the two days that he testified virtually at the entitlement hearing. Pet. Ex. 95 at 44. A flat rate is not appropriate. *See Anderson, Estate of Meyer v. Sec'y of Health & Human Servs.*, No. 18-484V, 2024 WL 4010530 (Fed. Cl. Spec. Mstr. Aug. 5, 2024) (citing cases in which special masters declined to award flat rates for hearing testimony). If Dr. Nelson billed at his hourly rate of $500 for eight hours of hearing on the first day[8] and three-and-a-half hours of hearing[9] on the second day, he would have billed $5,750.00.[10] This results in a reduction of **$9,250.00.**[11]

Accordingly, Dr. Nelson is awarded $25,750.00.

### 3. Total Reasonable Costs

I have reviewed all the other requested costs and find them reasonable. The costs requested by petitioners are typical in the Vaccine Program and petitioners have provided adequate documentation to support the requested costs. Accordingly, petitioners are awarded **$78,571.45** in costs.

## IV. Conclusion

Based on the foregoing, petitioners' Motion for Interim Attorneys' Fees and Costs is **GRANTED, in part.** Accordingly, I award a total of **$282,995.65,** representing $204,424.20 in attorneys' fees and $78,571.45 in costs, **to be paid through an ACH deposit to petitioners' counsel Ramon Rodriguez's IOLTA account for prompt disbursement** The clerk shall enter judgment accordingly.[12]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[8] The first day of hearing began at 9:35 am and concluded at 5:03 pm. Although this is not a full eight hours, I award eight hours to accommodate modest preparation time before the hearing.

[9] The second day of hearing began at 9:44 am and concluded at 1:03 pm. Again, the undersigned awards three-and-a half hours to accommodate modest preparation time before the hearing.

[10] (8 x $500) + (3.5 x $500) = $5,750.00.

[11] $15,000.00 (the amount billed for hearing) - $5,750.00 (the amount for hearing based on his hourly rate) = $9,250.00.

[12] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.