# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1624V
Filed: October 3, 2025

| | |
|---|---|
| R.G.C. and S.S.C., *as parents and legal representatives of their minor son*, A.G.C., | * * * * |
| Petitioners, | * * |
| v. | * * |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * |
| Respondent. | * * |

### ORDER ON PETITIONERS' MOTION FOR REDACTION[1]

**Roth**, Special Master:

On October 19, 2018, petitioners, R.G.C. and S.S.C., filed a petition on behalf of their son, A.G.C.,[2] for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq*.[3] (the "Vaccine Act" or "Program"). Petitioners alleged that the influenza ("flu") vaccine A.G.C. received on October 20, 2015, caused him to develop a seizure disorder, or in the alternative, significantly aggravated an underlying disorder resulting in his seizure disorder. *See* Petition ("Pet.") at 1-2, ECF No. 1.

On August 28, 2025, I issued a Ruling on Entitlement, finding that A.G.C.'s flu vaccination was a substantial contributing factor to his condition. Petitioners are therefore entitled to compensation. ECF No. 111.

On September 9, 2025, petitioners filed a Motion to Redact the Ruling on Entitlement. ECF No. 113. In the Motion, petitioners requested that their full names be replaced by their respective

---

[1] Because this Order contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Order will be available to anyone with access to the internet.**

[2] Pursuant to Vaccine Rule 16(b), because A.G.C. is a minor on whose behalf this petition was filed, the caption must include only A.G.C.'s initials. It is therefore unnecessary to address the redaction of A.G.C.'s name here.

[3] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

initials in the Ruling on Entitlement, and that petitioners be referenced solely by their initials in any further pleadings or decisions in this matter. *Id*. at 1.

If published with their full names, petitioners argued the Ruling would constitute an unwarranted invasion of privacy and is likely to negatively affect their current and future employment. ECF No. 113 at 1. Petitioners are board-certified physicians, one of whom is a pediatrician, working in patient care. *Id*. at 2. They are concerned that employers or patients could mistakenly believe them to personally and/or professionally hold anti-vaccine opinions, which could impact their ability to find work and to administer care, including vaccinations, to patients. *Id*. at 2-3.

While petitioner acknowledged that sensitive information is routinely disclosed in Program cases to align with the Vaccine Act's public purpose, they argued that redaction does not hinder the Act's public purpose because the redaction "in no way hampers a public reader's ability to understand the basis of this claim" or "'the decision maker's rationale.'" ECF No. 113 at 2-3 (quoting *Castagna v. Sec'y of Health & Hum. Servs.*, No. 99-411V, 2011 WL 4348135, at *13 (Fed. Cl. Spec. Mstr. August 25, 2011).

Respondent filed a response on September 18, 2025. ECF No. 115. Respondent did not explicitly oppose petitioner's Motion but instead deferred "to the Special Master's judgment as to whether petitioner's Motion should be granted," applying the appropriate legal framework. *Id*. at 7.

Petitioner did not file a reply.

For the reasons discussed below, petitioner's motion is **GRANTED**.

### I. Legal Authority

Members of the public have the right to access court documents. *See Nixon v. Warner Comm. Inc.*, 435 U.S. 559, 597 (1978). Public disclosure of court records is essential to the development of the common law. When the Vaccine Program was established, Congress decided to have the claims adjudicated within the federal court system, indicating an intent that the traditional policy of public disclosure of judicial decisions should apply to Program cases. *Castagna*, 2011 WL 4348135, at *1; *see also Rhone Poulenc Argo, S.A. v. DeKalb Genetics Corp.*, 284 F.3d 1323, 1329 n.3 (Fed. Cir. 2002); *Anderson v. Sec'y of Health and Hum. Servs.*, 2014 WL 3294656 at *3. In some circumstances, courts seal or redact their decisions. However, it should be noted that the preferences of the parties about public access to decisions are not controlling. *Reidell v. United States*, 47 Fed. Cl. 209 (2000) (declining to vacate the underlying decision as the parties had requested in settling the case).

The E-Government Act of 2002 requires that all federal courts maintain a website to provide public access to "docket information for each case" and "access to the substance of all written opinions issued by the court." E-Government Act § 205(a). To implement this law, the Court of Federal Claims added RCFC 5.2, which allows for redactions of electronic filings that contain social security numbers, taxpayer-identification numbers, birth dates, account numbers, or

the name of a minor. RCFC 5.2(a). *See also Pearson v. Sec'y of Health & Hum. Servs.*, No. 03-2751V, 2011 WL 4863717, at *3 (Fed. Cl. Spec. Mstr. Sept. 22, 2011).

There are a few notable differences between proceedings under the Vaccine Act and those in the federal court system. *See W.C. v. Sec'y of Health & Hum. Servs.*, 100 Fed. Cl. 440, 460 (2011) (noting that "[w]hile all court documents are publicly accessible in civil proceedings by default, absent a specific and persuasive reason to the contrary, no documents filed as part of a Vaccine Act petition can be accessed by the public apart from the published decisions of the special master and reviewing courts. *See* 42 U.S.C. § 300aa–12(d)(4)."; "This difference was established by Congress because of the different public interests in civil proceedings and Vaccine Act proceedings.")

Section 12(d)(4)(B) of the Vaccine Act governs redactions. It states:

A decision of a special master in a proceeding shall be disclosed, except that if the decision is to include information –
(i)   which is trade secret or commercial or financial information which is privileged and confidential, or
(ii)  which are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy,
and if the person who submitted such information objects to the inclusion of such information in the decision, the decision shall be disclosed without such information.

The Court of Appeals for the Federal Circuit has yet to interpret this provision, meaning that there is no binding authority regarding how the provision should be applied. As this case does not involve trade secrets or commercial or financial information, petitioner's request relies upon § 12(d)(4)(B)(ii). The question thus becomes: what constitutes a "clearly unwarranted invasion of privacy?"

Vaccine Rule 16(b) requires the redaction of the names of minor petitioners such that court filings include only minors' initials. All other redactions are based upon a petitioner's circumstances and whether they make a sufficient showing to justify redaction. *See R.V. v. Sec'y of Health & Hum. Servs.*, No. 08-504V, 2016 WL 3776888, at *2 (Fed. Cl. Spec. Mstr. May 10, 2016) ("[A] petitioner needs to make some showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call.").

### A. Rulings Denying Redaction

Several special masters have concluded that the plain language of the Vaccine Act, specifically § 12(d)(4)(B), requires decisions to be disclosed to the public. Further, special masters have concluded that public disclosure of a vaccinee's medical condition is not a clearly unwarranted invasion of privacy because the vaccinee placed his or her medical condition in contention by filing a claim. Moreover, the publication of Program decisions is necessary so that future petitioners can see what types of cases are meritorious.

In *Langland*, the petitioners requested the redaction of either all medical information or all identifying information, including the names of the parents who brought the claim. The then-Chief Special Master granted the petitioner's motion only as it related to the name of the minor child who was vaccinated but denied the motion as it related to all other identifying information, specifically the names of the parents. The then-Chief Special Master ruled that redaction of medical information is appropriate only "if the requesting party can show that disclosure would be an invasion of privacy, and that that invasion would be 'clearly unwarranted.'" *Langland v. Sec'y of Health and Hum. Servs.*, No. 07-36V, 2011 WL 802695, at *6 (Fed. Cl. Spec. Mstr. Feb. 3, 2011). The then-Chief Special Master found that "the context of the statutory structure" and the "emphatic language" employed by Congress in § 12(d)(4)(B) mean that "a party requesting redaction of medical information must satisfy a substantial burden to demonstrate a right to redaction." *Id*. The Court of Federal Claims affirmed the Chief Special Master's determination and analysis of the redaction issue in a footnote. 109 Fed. Cl. 421, 424 n.1 (2013).

I previously denied a petitioner's motion to redact the names of her family members on the basis that "[w]itnesses have no rights under the [Vaccine Act] and also no legal justification for redaction of their names. Petitioner cited no law or case that would compel me, or even persuade me, to grant her Motion." *Windhorst v. Sec'y of Health & Hum. Servs.*, No. 13–647V, 2017 WL 728045, at *4 (Fed. Cl. Spec. Mstr. Jan. 10, 2017).

Generally, petitioners must make a sufficient showing that redaction is warranted in order for their requests to be granted. *See also Castagna*, 2011 WL 4348135, at *11; *Anderson*, 2014 WL 3294656, at *5.

### B. Rulings Granting Redaction

In granting motions to redact, special masters frequently cite the legislative history of the Vaccine Act, which explains that the statute is "designed to widen the knowledge about adverse reactions to childhood vaccines" and noting "the primary method of reducing adverse [vaccine] reactions [in] children is through an informed public". *See* H.R.Rep. No. 99–908, at 1; S.Rep. No. 99–483, at 18. The Court of Federal Claims determined that these purposes are not served by requiring petitioner's names to be published. *W.C.*, 100 Fed. Cl. at 460. It was also noted in *W.C.* that "the Senate Committee Report on the bill that became the Vaccine Act in 1986 specified that the committee 'd[id] not believe that the name of the individual who suffered an adverse reaction need be available to the public.'" *Id*.; *see* S.Rep. No. 99–483, at 18.

There are instances where it was determined that a petitioner's interest in protecting their employment opportunities outweighed the public's interest in disclosure, thus warranting redaction of a petitioner's name.

For example, in *W.C.*, the petitioner sought redaction of both his name and his medical information on the grounds that publication could undermine his career as a federal government employee who often testified on behalf of the government. *W.C.*, 100 Fed. Cl. at 447, 456-61. The special master initially denied petitioner's motion to redact. On review, the Court of Federal Claims reversed. The court determined that, given their similarities, the Vaccine Act's privacy provisions should be read in concert with the Freedom of Information Act's privacy provisions.

The court then endorsed a balancing test. The court stated that the special masters' decisions necessarily contained petitioners' medical information in order to allow the law to develop. However, it was not necessary for a vaccinee's name to be made public. *Id.*; *See also A.K. v. Sec'y of Health & Hum. Servs.*, No. 09-605V, 2013 WL 322918, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2013) (redacting petitioner's full name after she raised concerns about future employment prospects); *K.L. v. Sec'y of Health & Hum. Servs.*, No. 12-312V, 2015 WL 11882259 (Fed. Cl. Spec. Mstr. Oct. 30, 2015) (granting petitioner's motion for redaction because disclosure may cause her harm in future employment).

Special masters have also, on occasion, allowed redaction of names of petitioners' family members. In *J.A.C. v. Sec'y of Health & Hum. Servs.*, the petitioner requested redaction of his mother's name, as "those who know who [his] mother is could figure out that this case is about [him] still subjecting [him] to public embarrassment, interfering with [his] social life, and disclosure of [his] Private Health Information." No. 03-2807V, 2019 WL 4261194, at *1 (Fed. Cl. Spec. Mstr. Aug. 5, 2019). The special master granted redaction, stating that "[p]etitioner and his mother share the same last name, increasing the likelihood that a member of the public could make a connection between the two." *Id.* at *2; *see also K.G. v. Sec'y of Health & Hum. Servs.*, No. 18-120V, 2018 WL 5784361, at *1 (Fed. Cl. Spec. Mstr. Sept. 13, 2018) (granting petitioner's motion to redact her name and the names of her family members from the decision dismissing her case as untimely).

## II. Discussion

In the instant case, petitioners have requested redaction of their full names in the Ruling on Entitlement and all subsequent court filings in this matter. *See generally* Pet. Ex. 113.

Given the circumstances of this case, I find that petitioners made a sufficient showing to justify redaction of the requested names. Disclosure of petitioners' names may impact their relationship with current employers, but more importantly, as practicing physicians, could impact their patients' trust and create assumptions about their position on vaccinations, particularly those of a pediatrician. I find that publicizing petitioners' full names could jeopardize the trust required for their direct work with patients in medical settings, especially in the recommendation and administration of vaccines.

It is relevant to note, however, that the names of R.G.C. and S.S.C have already been published in the Federal Register associated with this case. Additionally, the Court has already made public two decisions regarding interim attorneys' fees and costs which included R.G.C's and S.S.C.'s full names. *See* ECF Nos. 21 and 105. Respondent notes that, given the association of petitioners' names with this case on prior occasions, petitioners have not claimed that they have suffered any repercussions as a result. Thus, redaction at this stage of the proceedings would be futile. *See* ECF No. 115 at 4-5.

However, there is a wide gulf between the information available and arguments made in motions for fees and costs and a bare list of names in the Federal Register compared to an extensive Ruling on Entitlement. The Ruling in this case contained a detailed discussion of petitioners' minor child's medical history, expert and legal opinions on the nature and results of vaccination which

could be easily decontextualized, and findings of the Court on contested issues of fact, law, and credibility. While these elements are often present in reasoned opinions of special masters, here, where petitioners are medical doctors engaged in direct patient care, the danger of misunderstanding, misattribution, and mistrust by patients and employers warrants the redaction of petitioners' names under these special circumstances. While association with this case is still theoretically possible through access to previous filings and the Federal Register, that is no reason to deny their request for redaction of the Ruling on Entitlement and going forward.

The disclosure of petitioners' full names is not necessary to effectuate the underlying purpose of the Vaccine Act's public disclosure requirements. *Ranjbar v. Sec'y of Health & Hum. Servs.*, No. 15-905V, 2016 WL 4191127 (Fed. Cl. Spec. Mstr. Jun. 21, 2016) (citing *W.C.*, 100 Fed. Cl. at 461 (finding that any invasion of privacy threatened by disclosure is "clearly unwarranted" when there is no relevant public purpose to be weighed against a threatened invasion)). As petitioners noted, substituting initials in place of petitioners' full names does not alter the legal analysis nor the medical context of their claim. Thus, initials shall be used in place of all petitioners' names in the Ruling on Entitlement and all future court filings in this matter.

### III. Conclusion

Petitioner's Motion to Redact is therefore **GRANTED**. The original Ruling that I issued on August 28, 2025, shall be redacted to include only petitioners' initials and shall be published thirty-five days after this Order is issued. The caption in this matter shall read as follows:

```
* * * * * * * * * * * * * *
R.G.C. and S.S.C., as parents and legal      *
representatives of their minor son, A.G.C.,  *
                                             *
Petitioners,                                 *
                                             *
v.                                           *
                                             *
SECRETARY OF HEALTH                          *
AND HUMAN SERVICES,                          *
                                             *
Respondent.                                  *
* * * * * * * * * * * * * *
```

The Clerk of Court is directed to change the docket to reflect the new caption of this case.

**IT IS SO ORDERED.**

s/Mindy Michaels Roth
Mindy Michaels Roth
Special Master
